# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

STEVEN COHEN PRODUCTIONS, LTD., A
Nevada Corporation,

                   Plaintiff,

    vs.

LUCKY STAR, INC., a Tennessee
Corporation,

                   Defendant.

_____

Case No.: 2:12-cv-01995-GMN-CWH

**ORDER**

Pending before the Court is the Motion to Dismiss, or in the Alternative to Transfer Venue, or to Stay (ECF No. 19) filed by Defendant Lucky Star, Inc. ("LSI"). Plaintiff Steven Cohen Productions, Ltd. ("SCPL") filed a response (ECF No. 25) and Defendant filed a Reply (ECF No. 31). Also before the Court is Plaintiff's Motion to File a Sur-Reply (ECF No. 32), to which Defendant filed a Response (ECF No. 33).

## I. BACKGROUND

Plaintiff is a Nevada corporation in the business of providing specialized equipment to the music industry for live concert productions. (Am. Compl., 1:22–24, ECF No. 9.) Defendant is a Tennessee corporation that does business as the pop and country music band known as "Sugarland." (*Id.* at 1:25–26.)

Plaintiff alleges breach of contract against Defendant arising from Defendant's failure to compensate Plaintiff for equipment damage pursuant to the terms of an Agreement for Services ("Agreement," Ex. 1 to Am. Compl., ECF No. 9-1) between the parties. (*Id.*)

Pursuant to the Agreement, and in connection with the "Sugarland 'The Incredible Machine' Tour 2011," Plaintiff provided lighting equipment, lighting services, video reinforcement, and other related services to Defendant. (*Id.* at 2:8–10.) On August 13, 2011,

Plaintiff's equipment was damaged while in use by Defendant during a concert at the Indianapolis State Fair in Indianapolis, Indiana. (*Id*. at 3:2–3.) As a result of the damage, Plaintiff demanded payment from Defendant pursuant to the Agreement, and Defendant has refused. (*Id*. at 3:6–8.)

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling

on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III. DISCUSSION

In Nevada, to state a claim for breach of contract a plaintiff must allege: (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").

Plaintiff alleges that the Agreement was effective as of February 25, 2011 when Plaintiff performed its obligations under the Agreement and Defendant made its first payment without written objection in accordance with the terms of the Agreement. (Am. Compl. at 2:17–21.) Plaintiff alleges that it performed all material obligations as required by the Agreement. (*Id.* at 2:24.) Plaintiff alleges that the terms of the Agreement required Defendant to pay Plaintiff for the equipment damage sustained on August 13, 2011, and that Defendant has refused to pay,

constituting breach. (*Id*. at 2–3.)  Finally, Plaintiff alleges that it has suffered damages as a result, in excess of $1,900,000.00. (*Id*. at 3:22.)

Based upon these allegations, the remaining allegations included in the Amended Complaint, and the Agreement submitted by Plaintiff as part of the Amended Complaint, the Court finds that Plaintiff has provided more than sufficient basis to state a legally cognizable claim for breach of contract, and the grounds upon which it rests.

The Court recognizes Defendant's arguments that the terms of the Agreement are unambiguous such that Plaintiff has no legally cognizable claim for breach of contract, and that even if ambiguous, the construction of the terms would result in judgment for Defendant. However, the Court finds these arguments unpersuasive.

First, the terms of the Agreement do not unambiguously absolve Defendant of liability for damages that are covered by an insurance policy.  Even were this the case, a determination of which damages are covered by insurance remains a question of fact, and cannot be resolved on a motion to dismiss pursuant to Rule 12(b)(6).  Defendant's argument is incorrect in implying that the Court can interpret the terms of the Agreement, together with consideration of the exhibits and declarations submitted with the parties' briefs, so as to fully determine that Plaintiff cannot state a legally cognizable claim.  Indeed, considering the legal standard articulated above for a 12(b)(6) motion, the Court finds that the relief requested by Defendant is more appropriately determined upon consideration of the merits, and is therefore more suited to a motion for summary judgment, or at the least, a motion for judgment on the pleadings.

Second, the Court finds unpersuasive Defendant's arguments as to the respective liabilities and litigation positions of the insurance companies representing the parties. This action, as alleged, is for breach of a contract between Plaintiff and Defendant.  Even if any third-parties are entitled to any resulting award of damages, the Court is not bound to consider such claims as prohibitive of Plaintiff's cause of action for breach of contract as alleged here.

For these reasons, the Court will deny Defendant's Motion to Dismiss (ECF No. 19). Also, the Court will deny Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 32) because the Court's resolution of Defendant's motion does not rely on any out-of-scope arguments in Defendant's Reply, and even were that the case, Plaintiff is not prejudiced by any such arguments.

Finally, the Court finds that Defendant has not provided sufficient basis for the Court to order transfer of venue or a stay in light of the pending litigation between the parties' insurance companies in Tennessee federal court. Therefore, Defendant's alternative requests to transfer venue or to stay will be denied. However, because the Court finds that good cause may exist for transfer of venue where Defendant may be able to provide further argument as to the updated status of the Tennessee litigation, or the discovery needs that may accompany the instant action, the Court will deny these motions without prejudice, with leave to re-file.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, or in the Alternative to Transfer Venue, or to Stay (ECF No. 19) is **DENIED**. Defendant's Motion to Transfer Venue, or to Stay is denied without prejudice.

**IT IS FURTHER ORDERED** that the Motion for Leave to File a Sur-Reply (ECF No. 32) is **DENIED**.


**DATED** this 30th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge